# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SUSAN L. HURST, EXECUTRIX OF THE ESTATE OF CHARLIE G. HURST, DECEASED,<br><br>  Plaintiff,<br><br>VERSUS<br><br>ILLINOIS CENTRAL RAILROAD COMPANY AND CANADIAN NATIONAL RAILWAY COMPANY,<br><br>  Defendants. | *<br>*<br>*<br>*  CIVIL ACTION<br>*<br>*   NO.<br>*<br>*  SECTION " "<br>*<br>*<br>*  MAGISTRATE: |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT FOR DAMAGES

## PLAINTIFF DEMANDS TRIAL BY JURY

The Complaint of Susan L. Hurst, a person of the full age of majority, and a resident of Hickory, Mississippi, respectfully represents the following:

Plaintiff was appointed Executrix of the Estate of Charlie G. Hurst, Deceased on April 26, 2012. [See attached Letters Testamentary]

Plaintiff-decedent, Charlie G. Hurst, whose Social Security Number was 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, was an adult individual who, upon information and belief, at all relevant times, resided and/or worked in and around the State of Louisiana.

**I.**

Defendant, Illinois Central Railroad Company, (hereinafter referred to as "ICRC") is a

1

corporation organized and existing under the laws of Illinois. ICRC has appointed as its registered agent for service of process, C.T. Corporation Systems, 5615 Corporate Blvd, Baton Rouge, Louisiana 70808 and authorized to do and doing business in the Eastern District of Louisiana, State of Louisiana.

Defendant, Canadian National Railway Company, (hereinafter referred to as "CNRC") is a corporation organized and existing under the laws of Illinois. CNRC has a primary place of business at 17641 Ashland Avenue, Homewood, Illinois 60430 and is authorized to do and doing business in the Eastern District of Louisiana, State of Louisiana.

## II.

This is an action arising under the provisions of the Federal Employers' Liability Act, 45 U.S.C., Sec. 51, et seq., and Code of Federal Regulations Title 49, Sec. 213.37, to recover damages for personal injuries sustained by plaintiff-decedent while employed by defendant, ICRC and CNRC, and while engaging in interstate commerce.

## III.

Jurisdiction of this Honorable Court is conferred by 28 U.S.C. 1331.

## IV.

At all times material hereto, the plaintiff-decedent is and/or has been an employee of the Defendants, ICRC and CNRC and their predecessor corporations, for which the defendants are liable, and the injuries and damages sustained by the plaintiff-decedent, as hereinafter set forth, were sustained by the plaintiff-decedent while engaged in the course of his employment duties, and in furtherance of interstate commerce and directly or closely and substantially effecting such commerce.

## V.

Defendants, ICRC and CNRC, are and were at all times mentioned herein, common carriers by rail; owning, operating, and maintaining in interstate commerce, a railway system, involving railroad tracks and facilities located throughout Louisiana.

## VI.

Throughout his career, while performing his duties in his usual customary and safe manner, as a trackman, machine operator and repairman for defendants, ICRC and CNRC, plaintiff-decedent was required to work around locomotive engines and other equipment in areas which subjected the plaintiff-decedent to asbestos. Plaintiff-decedent was exposed to asbestos materials and dust in his duties with defendants from asbestos brake shoe dust; asbestos rope; asbestos insulation; asbestos insulation in shops and facilities and equipment, and while working near others that were working with asbestos-containing products and materials.

## VII.

Plaintiff-decedent has been injured as a result of ongoing exposure and contact with asbestos, asbestos-containing products, sand silica, ballast dust, grinding dust, diesel fumes, coal dust and other fibrogenic, carcinogenic, noxious and deleterious dusts, fumes, mists, solvents and gases.

## VIII.

Less than three years before this action was filed, plaintiff-decedent discovered that he suffered from lung cancer, pulmonary asbestosis and asbestos-related pleural disease, resulting in his wrongful death, which were caused or contributed to by his exposures to asbestos, asbestos-containing products, sand silica, ballast dust, grinding dust, diesel fumes, coal dust and other fibrogenic, carcinogenic, noxious and deleterious dusts, fumes, mists, solvents and gases while employed by the railroads.

**IX.**

Under the provisions of 45 U.S.C. Sec. 51 et seq., defendants, ICRC and CNRC and/or their predecessors, had a non-delegable duty to provide plaintiff-decedent with a reasonably safe place in which to work; thus, ICRS and CNRC must stand responsible for the injuries and damages it caused to plaintiff-decedent.

**X.**

Plaintiff avers that Plaintiff-decedent's injury was caused wholly and entirely as a consequence of the negligence of defendants and/or their predecessors in the following non-exclusive particulars:

   a) In negligently failing to exercise reasonable care to provide plaintiff-decedent with a reasonably safe place to work;

   b) In the negligent and careless operation of defendants' operations regarding the use of, handling of and exposure to asbestos, asbestos containing products and materials, sand, silica, ballast dust, grinding dust, diesel exhaust fumes, coal dust, and other fibrogenic, carcinogenic, noxious and deleterious dusts, fumes, mists, solvents and gases;

   c) In negligently failing to provide plaintiff-decedent with reasonably necessary safety equipment and instructions for the work that plaintiff-decedent was required to do involving asbestos, asbestos containing products and materials, sand, silica, ballast dust, grinding dust, diesel exhaust fumes, coal dust, and other fibrogenic, carcinogenic, noxious and deleterious dusts, fumes, mists, solvents and gases;

d) In negligently failing to provide reasonable and adequate safety instructions and reasonably safe shop practices regarding the use and exposure to asbestos, asbestos containing products and materials, sand, silica, ballast dust, grinding dust, diesel exhaust fumes, coal dust, and other fibrogenic, carcinogenic, noxious and deleterious dusts, fumes, mists, solvents and gases;

e) In the negligent failure to promulgate and enforce rules concerning the safe handling of asbestos, asbestos containing products and materials, sand, silica, ballast dust, grinding dust, diesel exhaust fumes, coal dust, and other fibrogenic, carcinogenic, noxious and deleterious dusts, fumes, mists, solvents and gases;

f) In the negligent use of asbestos, asbestos containing products and materials, sand, silica and other fibrogenic, carcinogenic, noxious and deleterious dusts, fumes, mists, solvents and gases;

g) In negligently failing to provide the plaintiff-decedent with protective equipment designed to protect him from exposure to dangerous levels of asbestos, asbestos containing products and materials, sand, silica, ballast dust, grinding dust, diesel exhaust fumes, coal dust, and other fibrogenic, carcinogenic, noxious and deleterious dusts, fumes, mists, solvents and gases;

h) In negligently failing to provide proper training to its employees relative to contact, use, handling and exposure regarding asbestos, asbestos containing products and materials, sand, silica, ballast dust, grinding dust,

5

       diesel exhaust fumes, coal dust, and other fibrogenic, carcinogenic, noxious and deleterious dusts, fumes, mists, solvents and gases, and the proper fitting and testing of personal protective equipment;

i) In failing to comply with applicable government regulations regarding the use of, handling of, and exposure to asbestos, asbestos containing products and materials, sand, silica, ballast dust, grinding dust, diesel exhaust fumes, coal dust, and other fibrogenic, carcinogenic, noxious and deleterious dusts, fumes, mists, solvents and gases;

j) In negligently failing to monitor air quality standards to determine whether employees of the defendants have been subjected to hazardous levels of asbestos, asbestos containing products and materials, sand, silica, ballast dust, grinding dust, diesel exhaust fumes, coal dust, and other fibrogenic, carcinogenic, noxious and deleterious dusts, fumes, mists, solvents and gases in excess of established permissible exposure limits;

k) In negligently failing to periodically examine employees such as the plaintiff–decedent for physical effects from exposure to asbestos, asbestos containing products and materials, sand, silica, ballast dust, grinding dust, diesel exhaust fumes, coal dust, and other fibrogenic, carcinogenic, noxious and deleterious dusts, fumes, mists, solvents and gases, and failing to take appropriate action including advising the plaintiff as to the test results;

l) In failing to exercise reasonable care to adequately warn employees, including the Plaintiff-decedent, of the risks, dangers and harm to which

6

    they were exposed in working with and around asbestos, asbestos containing products and materials, sand, silica, ballast dust, grinding dust, diesel exhaust fumes, coal dust, and other fibrogenic, carcinogenic, noxious and deleterious dusts, fumes, mists, solvents and gases;

m) In negligently requiring and/or allowing the plaintiff-decedent to be exposed to excessive levels of asbestos, asbestos containing products and materials, sand, silica, ballast dust, grinding dust, diesel exhaust fumes, coal dust, and other fibrogenic, carcinogenic, noxious and deleterious dusts, fumes, mists, solvents and gases when it knew of the risks thereof;

n) In negligently failing to make reasonable efforts to ascertain the risks and hazards of excessive exposure to asbestos, asbestos containing products and materials, sand, silica, ballast dust, grinding dust, diesel exhaust fumes, coal dust, and other fibrogenic, carcinogenic, noxious and deleterious dusts, fumes, mists, solvents and gases and the potential health risks; and,

o) In negligently failing to use due care and caution required under the circumstances.

## XI.

As a direct result of the negligence of the defendants and/or their predecessors, plaintiff-decedent developed lung cancer which required him to receive numerous diagnostic tests and extensive medical treatment in an attempt to cure or put into remission the occupational disease suffered as a result of his exposures to asbestos. Plaintiff-decedent died as a result of his occupationally-related lung cancer on November 3, 2011 at the age of 56.

## XII.

Plaintiff avers that Plaintiff-decedent was in no way at fault nor did he negligently contribute to the development of the lung cancer in any fashion.

## XIII.

Plaintiff seeks recovery reasonable in the premises for the following elements of damages of the Plaintiff-decedent resulting from the defendants' negligent actions:

1. He suffered great physical pain, suffering and inconvenience;

2. He suffered from nervous and emotional tension and anxiety as a result of his injuries, including a fear of death or further disability as a result of the aforementioned cancer;

3. Past lost wages;

4. Loss of future earnings and fringe benefits, diminished earning capacity and diminished labor market access;

5. He was required to spend large sums and substantial sums of money for medical treatment and care;

6. Unpaid medical expenses;

7. His general health, strength and vitality were impaired;

8. He suffered a loss of the enjoyment of life's pleasures; and,

9. He died on November 3, 2011.

## XIV

Plaintiff on behalf of the statutory beneficiaries of the plaintiff-decedent, pursuant to 49 U.S.C. §59 and/or §51, claim the loss of financial support of the plaintiff-decedent as a result of his death.

WHEREFORE, Plaintiff, Susan L. Hurst, Executrix of the Estate of Charlie G. Hurst, Deceased prays that defendants, Illinois Central Railroad Company and Canadian National Railway Company, be duly served with a copy of this Complaint and that after due proceedings are had, that there be judgment rendered herein in favor of plaintiff, Susan L. Hurst, and against defendants, Illinois Central Railroad Company and Canadian National Railway, for all damages reasonable in the premises, together with legal interest thereon from date of judgment, until paid, and for all costs of these proceedings.

Respectfully submitted,

**ROME, ARATA & BAXLEY, L.L.C.**

BY:     /s/ C. Perrin Rome, III
**C. PERRIN ROME, III**, Bar No. 17774
BLAKE G. ARATA, JR., Bar No. 1697
W. CHAD STELLY, Bar No. 21140
Poydras Center – Suite 2017
650 Poydras Street
New Orleans, Louisiana  70130
Telephone: (504) 522-9980
Facsimile: (504) 522-9971
E-mail:  prome@romearata.com

Attorneys for Plaintiff,
**SUSAN L. HURST**